[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 13, 2006
THOMAS K. KAHN
CLERK

No. 05-13251
Non-Argument Calendar

_____

BIA  Nos. A95-907-699 & A95-907-705

TOMASA AYASTA,
JUAN CARLOS CERRON,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

(March 13, 2006)

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Peruvian citizens Tomasa Ayasta and Juan Carlos Cerron petition for review of the Board of Immigration Appeals' (BIA's) order denying their motion to reconsider the motion to reopen their removal hearing.[1] The Petitioners assert the BIA should have reopened their removal hearing because they suffered ineffective assistance of counsel when they appeared before the Immigration Judge (IJ) for their removal hearing. Petitioners also assert their due process rights were violated by: (1) the IJ's behavior in suggesting Petitioners accept voluntary departure because their asylum claim was legally tenuous before hearing Ayasta's testimony; (2) the failure of the IJ to order simultaneous translation of the IJ's discussion with counsel; and (3) the BIA's failure to order a transcript to review their appeal. We deny the petition.

---

[1] As an initial matter, we must determine the scope of this appeal. While we generally have jurisdiction to review final orders of removal, the petition for review must be filed within 30 days of the date of the final order of removal. 8 U.S.C. § 1252(a)(1), (b)(1). "Since the statutory limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional,' it is not subject to equitable tolling." *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005). A motion to reconsider filed with the BIA does not suspend the finality of the underlying BIA order and does not toll the review period. *Stone*, 115 S. Ct. 1537, 1549 (1995) (construing the former 90-day period for filing a petition for review).

The BIA denied Petitioners' motion to reconsider on May 17, 2005. Petitioners filed this instant petition June 13, 2005, bringing that motion within our jurisdiction. *See* 8 U.S.C. § 1252(a)(1), (b)(1). The motion to reopen, however, was denied on March 22, 2005. No notice of appeal was filed before the time to appeal that motion expired on April 21, 2005. *See id.* Thus, we only consider whether the BIA erred in failing to reconsider the motion to reopen, and the motion to reopen is not properly before us.

# I. DISCUSSION

A. *Motion for reconsideration*

We review the BIA's denial of a motion for reconsideration for an abuse of discretion. *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003), *cert. denied*, 125 S. Ct. 38 (2004). After the BIA has affirmed an IJ's ruling, the alien may seek reconsideration on the ground the BIA has made a legal or factual error. *See* 8 U.S.C. § 1229a(c)(6);[2] 8 C.F.R. § 1003.2(b)(1). A motion for reconsideration must specify the errors of law or fact in the previous order and be supported by pertinent authority. 8 U.S.C. § 1229a(c)(6)(C).

Pursuant to the Due Process Clause, "[a]liens enjoy the right to the effective assistance of counsel in deportation proceedings." *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999). The BIA has required that, when filing a motion to reopen based on a claim of ineffective assistance of counsel, the alien must: (1) submit an affidavit attesting to the relevant facts; (2) inform former counsel of the allegations and allow an opportunity to respond; and (3) if asserting the prior counsel's handling of the case violated ethical or legal responsibilities, state whether a complaint has been filed with the appropriate disciplinary authorities, and, if not, why not. *Matter of Lozada*, 19 I & N Dec. 637, 639 (BIA 1988). The

---

[2] 8 U.S.C. § 1229a(c)(6) was amended and renumbered by § 101(d) of the REAL ID Act, effective May 11, 2005. Pub. L. 109-13, 119 Stat. 231.

BIA does not abuse its discretion by requiring aliens to meet the three procedural requirements of *Lozada*. *Gbaya v. U. S. Att'y Gen.*, 342 F.3d 1219, 1223 (11th Cir. 2003). A petitioner seeking to reopen his proceedings due to ineffective assistance of counsel must show prejudice. *Dakane*, 399 F.3d at 1274. "Prejudice exists when the performance of counsel is so inadequate that there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different." *Id.*

Because Petitioners failed to comply with the BIA's procedural requirements for establishing ineffective assistance of counsel, and we have held the BIA does not abuse its discretion by requiring aliens to meet the procedural requirements, the BIA did not abuse its discretion in failing to reconsider its refusal to reopen the Petitioners' removal hearing based on ineffective assistance of counsel. Further, the BIA did not abuse its discretion in finding that, even if Petitioners complied with *Lozada* and the BIA examined the merits, it would not have found the prejudice necessary to establish ineffective assistance of counsel. Petitioners based their ineffective assistance of counsel claim on the fact counsel dissuaded them from testifying at the hearing. Even if they had testified, based on their admittedly tenuous asylum claim, they would not have received asylum. Accordingly, they suffered no prejudice from counsel's advice.

4

B. *Due process*

We review constitutional claims de novo. *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341 (11th Cir.2003). To establish a due process claim, aliens must show the asserted errors caused them substantial prejudice. *Id.*

First, the IJ's behavior at the hearing did not rise to the level of substantial prejudice. Petitioners allege the IJ stated she had read the submitted documents and reviewed the evidence, and she could not find a nexus between the persecution of Ayasta and a protected ground. The IJ then allowed them to discuss options with their lawyer. After receiving counsel by their attorney that it was in their best interest to avoid a removal order because of the circumstances, Petitioners elected to withdraw their application for asylum. Petitioners concede their chance to demonstrate "the political nexus are legally tenuous." Thus, Petitioners have not shown the IJ's behavior caused them substantial prejudice.

Secondly, Petitioners have not demonstrated a failure to translate the conversation between the IJ and their counsel constituted substantial prejudice. The fact the IJ relied on counsel to explain what was happening to Petitioners was not unreasonable. It was not a failure to translate that caused Ayasta to choose not to testify, it was counsel's advice, and as discussed above, the ineffective assistance claim is lacking. There is no claim that, but for the lack of translation, the IJ would have granted asylum. Instead, Petitioners claim that, but for the lack

5

of translation, they would have understood their claim was tenuous, not denied, and they would have chosen to testify, which might have convinced the IJ to grant them asylum. The failure to translate is too attenuated from the IJ's failure to grant asylum to constitute substantial prejudice.

Finally, the BIA's failure to order and review a transcript on Petitioners' appeal of the motion to reopen does not create a constitutional violation. Not receiving asylum or being misled, as they claim they were, into pursuing voluntary departure at the removal hearing, was not affected by the BIA's failure to have a transcript to review. Further, it is the BIA's practice not to prepare transcripts for an appeal from an IJ's denial of a motion to reopen. Also, the BIA's review was seemingly premised on the assumption Petitioners' allegations were true, thus there was no prejudice from not having a transcript.

## II. CONCLUSION

The BIA did not abuse its discretion in denying Petitioners' motion to reconsider. Additionally, Petitioners' due process rights were not violated.

PETITION DENIED.